UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

SECURITIES AND EXCHANGE
COMMISSION,

   Plaintiff,

v.

MARK E. FISHER and
JOSEPH F. CAPUOZZO,

   Defendants.

## COMPLAINT

Plaintiff Securities and Exchange Commission alleges:

## INTRODUCTION

1. In 2013, Eddy U. Marin, who controlled Valentine Beauty Inc. ("VLBI"), a publicly traded microcap issuer, coordinated a pump and dump scheme involving VLBI's securities.

2. In facilitating this manipulation scheme, Marin garnered the assistance of Shane R. Spierdowis, as well as Mark E. Fisher and Joseph F. Capuozzo, to whom VLBI illegally issued stock. Marin, Spierdowis, Fisher and Capuozzo orchestrated a marketing campaign to tout VLBI's purported operations, and then liquidated their shares into the primed market all in violation of the registration and anti-fraud provisions of the federal securities laws.

3. Through their conduct, Fisher and Capuozzo violated Sections 5(a) and 5(c) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. §§ 77e(a) and 77e(c), Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a), and Section 10(b) of the Securities Exchange Act of 1934

("Exchange Act"), 15 U.S.C. § 78j(b), and Exchange Act Rules 10b-5(a) and (c), 17 C.F.R. § 240.10b-5(a) and (c), and Fisher additionally violated Exchange Act Rule 10b-5(b), 17 C.F.R. § 240.10b-5(b). Unless restrained and enjoined, Fisher and Capuozzo are reasonably likely to engage in future violations of the federal securities laws.

## DEFENDANTS AND RELATED ENTITY

4. Fisher, 54, is a resident of Boca Raton, Florida. He is an attorney previously licensed in Florida and New York. Fisher elected to go inactive in those states.

5. Capuozzo, 57, is a resident of Sunrise, Florida. He served as VLBI's president starting in May 2015 and was listed as serving that role with the Nevada Secretary of State through at least 2017.

6. VLBI was a Nevada corporation with its principal executive offices located in Sunrise, Florida. It purported to produce beauty products. VLBI is in default with the Nevada Secretary of State, has not released any financial or other information publicly since 2014, and its website is no longer active. Prior to the Commission suspending its securities on April 26, 2016, VLBI's stock was quoted on OTC Link operated by OTC Markets Group Inc.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this action pursuant to Sections 20(b), 20(d), and 22(a) of the Securities Act, 15 U.S.C. §§ 77t(b), 77t(d), and 77v(a); and Sections 21(d), 21(e), and 27 of the Exchange Act, 15 U.S.C. §§ 78u(d), 78u(e), and 78aa.

8. This Court has personal jurisdiction over Fisher and Capuozzo and venue is proper in the Southern District of Florida because Fisher and Capuozzo's acts, transactions, practices, and courses of conduct giving rise to the violations alleged in this Complaint occurred in the Southern District of Florida. In addition, during the relevant time period, Fisher and

Capuozzo resided in and VLBI had its principal place of business in, the Southern District of Florida.

9. Fisher and Capuozzo, directly and indirectly, have made use of the means and instrumentalities of interstate commerce, the means and instruments of transportation and communication in interstate commerce, and the mails, in connection with the acts, transactions, practices, and courses of conduct set forth in this Complaint.

### THE FRAUDULENT SCHEME

10. In or shortly before November 2013, Marin took steps to secretly take control of VLBI's publicly traded shares (the "float"). Among other things, Marin caused VLBI to issue to himself and affiliated individuals and entities, including Fisher and Capuozzo, more than 50 million free trading VLBI shares – over 90% of the float.

11. In or about March 2014, Marin contacted Spierdowis, as well as Fisher and Capuozzo, about VLBI and told them that he had full control over VLBI's securities, which, in turn, would make it easier for them to facilitate a pump and dump scheme.

12. During the first half of 2014, to mask his involvement in this scheme and to effectuate it while serving time in prison, Marin directed the issuance of over 16 million VLBI shares to an entity brokerage account that he had Capuozzo control. In addition, Marin directed the issuance of over 6 million VLBI shares to a corporate brokerage account controlled solely by Capuozzo.

13. As part of the scheme, Fisher received over 15 million VLBI shares – 2 million of which he received pursuant to a false opinion letter he wrote on behalf of an entity, in turn, subsequently transferred a portion of shares to Fisher.

14. Upon receipt of VLBI shares, Fisher and Capuozzo began coordinating with Marin on launching a marketing campaign involving VLBI press releases and internet and email touts. Spierdowis paid other promoters to distribute the touts, instructing them when to issue the touts so that he, Marin, Fisher and Capuozzo could time their stock sales with the touts as described below.

15. The VLBI press releases and touts increased the liquidity of VLBI's stock. Fisher and Capuozzo coordinated their stock sales with the issuance of the press releases and touts, enabling them to liquidate a significant portion of their shares into the hyped market and reap $100,132 and $52,516 in stock sale proceeds, respectively.

16. Fisher and Capuozzo knowingly undertook a series of inherently deceptive acts in this pump and dump scheme, including: 1) causing VLBI to issue shares to them at a discounted rate, knowing Marin's role as a control person for VLBI; 2) coordinating a marketing campaign to tout VLBI for the sole purpose of creating an inflated market; and 3) dumping their shares for a profit.

## COUNT I

### VIOLATION OF SECTIONS 5(a) AND 5(c) OF THE SECURITIES ACT
**(Against Fisher and Capuozzo)**

17. The Commission repeats and realleges paragraphs 1 through 16 of this Complaint as if fully set forth herein.

18. During 2014, Fisher and Capuozzo, directly and indirectly:

   (a) made use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell securities, through the use or medium of a prospectus or otherwise;

   (b) carried or caused to be carried securities through the mails or in interstate commerce, by any means or instruments of transportation, for the purpose of sale or delivery after sale; or

4

(c) made use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security,

without a registration statement having been filed or being in effect with the Commission as to such securities.

19. No valid registration statement was filed or in effect with the Commission pursuant to the Securities Act and no exemption from registration existed with respect to the securities and transactions described in this Complaint.

20. By reason of the foregoing, Fisher and Capuozzo, directly and indirectly violate, and unless enjoined, are reasonably likely to continue to violate Sections 5(a) and 5(c) of the Securities Act, 15 U.S.C. §§ 77e(a) and 77e(c).

## COUNT II

### VIOLATION OF SECTION 17(a)(1) OF THE SECURITIES ACT
(Against Fisher and Capuozzo)

21. The Commission repeats and realleges paragraphs 1 through 16 of this Complaint as if fully set forth herein.

22. During 2014, Fisher and Capuozzo, in the offer or sale of securities by use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly knowingly or recklessly employed devices, schemes, or artifices to defraud.

23. By reason of the foregoing, Fisher and Capuozzo violated and unless enjoined, are reasonably likely to continue to violate Section 17(a)(1) of the Securities Act, 15 U.S.C. § 77q(a)(1).

## COUNT III

## VIOLATION OF SECTION 17(a)(2) OF THE SECURITIES ACT
(Against Fisher and Capuozzo)

24. The Commission repeats and realleges paragraphs 1 through 16 of this Complaint as if fully set forth herein.

25. During 2014, Fisher and Capuozzo, in the offer or sale of any securities by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly negligently obtained money or property by means of untrue statements of material facts or omissions to state material facts necessary to make the statements made, in light of the circumstances under which they were made, not misleading.

26. By reason of the foregoing, Fisher and Capuozzo violated and unless enjoined, are reasonably likely to continue to violate, Section 17(a)(2) of the Securities Act, 15 U.S.C. § 77q(a)(2).

## COUNT IV

## VIOLATION OF SECTION 17(a)(3) OF THE SECURITIES ACT
(Against Fisher and Capuozzo)

27. The Commission repeats and realleges paragraphs 1 through 16 of this Complaint as if fully set forth herein.

28. During 2014, Fisher and Capuozzo, in the offer or sale of any securities by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly negligently engaged in transactions, practices and courses of business which operated or would have operated as a fraud or deceit upon the purchasers and prospective purchasers of such securities.

29. By reason of the foregoing, Fisher and Capuozzo violated and unless enjoined, are reasonably likely to continue to violate Section 17(a)(3) of the Securities Act, 15 U.S.C. § 77q(a)(3).

## COUNT V

### VIOLATION OF SECTION 10(b) AND RULES 10b-5(a) AND (c) OF THE EXCHANGE ACT
(Against Fisher and Capuozzo)

30. The Commission repeats and realleges paragraphs 1 through 16 of this Complaint as if fully set forth herein.

31. During 2014, Fisher and Capuozzo, directly and indirectly, by use of any means and instrumentality of interstate commerce, or of the mails in connection with the purchase or sale of securities, knowingly or recklessly: (a) employed devices, schemes or artifices to defraud; and (b) engaged in acts, practices and courses of business which have operated, are now operating or will operate as a fraud upon the purchasers of such securities.

32. By reason of the foregoing, Fisher and Capuozzo have directly or indirectly violated and unless enjoined, are reasonably likely to violate Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Exchange Act Rules 10b-5(a) and (c), 17 C.F.R. § 240.10b-5(a) and (c).

## COUNT VI

### VIOLATION OF SECTION 10(b) AND RULE 10b-5(b) OF THE EXCHANGE ACT
(Against Fisher)

33. The Commission repeats and realleges paragraphs 1 through 16 of this Complaint as if fully set forth herein.

34. During 2014, Fisher, directly and indirectly, by use of any means and instrumentality of interstate commerce, or of the mails in connection with the purchase or sale of

7

securities, knowingly or recklessly made untrue statements of material fact and omitted to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading.

35. By reason of the foregoing, Fisher has directly or indirectly violated and unless enjoined, is reasonably likely to violate Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Exchange Act Rule 10b-5(b), 17 C.F.R. § 240.10b-5(b).

## RELIEF REQUESTED

**WHEREFORE**, the Commission respectfully requests that this Court find the Defendants committed the violations alleged, and:

### Permanent Injunctive Relief

Issue a Permanent Injunction, restraining and enjoining Fisher and Capuozzo, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, and each of them, from violating Sections 5(a) and 5(c) of the Securities Act, Section 17(a) of the Securities Act, and Section 10(b) of the Exchange Act and Rules 10b-5(a) and (c) thereunder, and Fisher from violating Section 10(b) of the Exchange Act and Rule 10b-5(b) thereunder.

### Disgorgement and Prejudgment Interest Thereon

Issue an Order requiring Fisher and Capuozzo to disgorge all ill-gotten profits or proceeds received as a result of the acts and courses of conduct complained of herein, with prejudgment interest thereon.

### Civil Money Penalties

Issue an Order directing Fisher and Capuozzo to pay civil money penalties pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3).

### Penny Stock Bar

Issue an Order pursuant to Section 20(g) of the Securities Act, 15 U.S.C. § 77t(g), and Section 21(d)(6) of the Exchange Act, 15 U.S.C. § 78u(d)(6), barring Fisher and Capuozzo from participating in any future offering of a penny stock.

### Officer and Director Bar

Issue an Order pursuant to Section 20(e) of the Securities Act, 15 U.S.C. § 77t(e), and Section 21(d)(2) of the Exchange Act, 15 U.S.C. § 78u(d)(2), barring Capuozzo from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act, 15 U.S.C. § 78l, or that is required to file reports pursuant to Section 15(d) of the Exchange Act, 15 U.S.C. § 78o(d).

### Further Relief

Grant such other and further relief as may be necessary and appropriate.

## Retention of Jurisdiction

Further, the Commission respectfully requests the Court retain jurisdiction over this action in order to implement and carry out the terms of all orders and decrees that it may enter, or to entertain any suitable application or motion by the Commission for additional relief within the jurisdiction of this Court.

Dated:   October 22, 2018                                    Respectfully submitted,


By: /s/ Wilfredo Fernandez
Wilfredo Fernandez
Senior Trial Counsel
Fla. Bar No. 142859
fernandezw@sec.gov
Direct Dial:  (305) 982-6376

Attorney for Plaintiff
**U.S. Securities and Exchange Commission**
801 Brickell Avenue, Suite 1800
Miami, Florida 33131
Telephone:    (305) 982-6300
Facsimile:     (305) 536-4154